**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**CASE NO.:**

| | |
|---|---|
| **BERNARD LEWIS,**<br>          **Plaintiff,**<br>     v.<br><br>**SELIP & STYLIANOU, LLP**<br>          **Defendant.** | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Bernard Lewis, the Plaintiff herein, by his attorneys, as and for his complaint against the Defendant SELIP & STYLIANOU, LLP ("S&S"), alleges as follows:

## NATURE OF ACTION

1. Plaintiff brings claims pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692 *et seq.*, and New York General Business Law § 349.

## JURISDICTION AND VENUE

2. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Declaratory relief is available per 28 U.S.C. §§ 2201 and 2202.

4. The Court has supplemental jurisdiction over state claims per 28 U.S.C. § 1367.

5. Defendant conducts substantial and regular business activities in the Southern District of New York and therefore jurisdiction is established.

6. Jurisdiction of this court arises pursuant to 15 U.S.C. §1681p, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

7. Venue is proper in this district because Defendant conducts business in this District.

## PARTIES

8. At all relevant times, Plaintiff Bernard Lewis has resided in the State of Georgia.

9. Plaintiff is a "consumer" as that term is defined in the FDCPA, New York General Business Law § 349, and the rules of New York State Department of Financial Services.

10. Defendant Selip & Stylianou, LLP was and is a domestic registered limited liability partnership that did transact, and does now presently transact business in the State of New York through its Principal Executive Office located at 199 Crossways Park Drive, Woodbury, New York 11797.

11. Upon information and belief, Defendant S&S regularly attempts to collect consumer debts alleged to be due to another.

12. Upon information and belief Defendant S&S is a debt collector as defined pursuant to FDCPA 15 U.S.C. § 1692a(6).

13. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from Plaintiff.

14. Defendant is subject to jurisdiction in the State of New York and venue of this district pursuant to New York Long Arm jurisdiction statute through the causation of injury in the state by acts or omissions inside and outside of the State of New York.

## FACTUAL ALLEGATIONS

15. Plaintiff adopts and realleges the foregoing as fully restated herein.

16. Prior to the commencement of this action, Plaintiff allegedly incurred a financial obligation with Capital One Bank, that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

17. Sometime thereafter, on a date unknown to Plaintiff, the debt was consigned, placed or otherwise transferred to Forster & Garbus, LLP for collection from this Plaintiff.

18. Subsequently, on or about May 28, 2013, Forster & Garbus, LLP, filed an action against the Plaintiff to recover this debt in the Civil Court of the City of New York, County of Queens, entitled Capital One Bank (USA), NA v. Bernard L. Lewis, Index No.: CV-015884/13 ("Civil Action").

19. Forster & Garbus obtained a default judgment against the Mr. Lewis on or about October 9, 2013 in the amount of $7,849.23.

20. Mr. Lewis never knew this action against him existed until he received a notice of restraint dated December 10, 2019, from his banking institution.

21. On or about December 19, 2019, Plaintiff filed an Order to Show Cause to vacate the default judgment in the civil action. Said application was approved by Hon. David M. Hawkins of the Queens County Civil Court.

22. On December 23, 2019, Plaintiff via his counsel served Forster & Garbus, LLP with a copy of the Order to Show Cause as per the court's directive.

23. On January 7, 2020, Mr. Lewis' application was heard and was granted by order of Hon. David M. Hawkins.

24. In his application, Mr. Lewis maintained that service of the summons and complaint on him was improper because he did not maintain residence in the State of New York in 2013, since he had moved to the State of Georgia in the year 2005.

25. In its affidavit of service, Capital One claims to have serve the summons and complaint upon the Mr. Lewis on July 6, 2013 at 11624 166th Street PH, Jamaica, New York 11434 and also to have spoken to "John Doe", who stated that the Mr. Lewis lived at this address.

26. Service of the summons and complaint upon Mr. Bernard Lewis was never effectuated and the court never gained jurisdiction over him because, Mr. Lewis had long ago relocated to the State of Georgia in 2005, a full eight years before the civil action was commenced against him.

27. On a date unknown to Plaintiff, the debt was consigned, placed or otherwise transferred to Defendant S&S for collection from this Plaintiff.

28. S&S's first order of business was to move to vacate the January 7, 2020 order, claiming that service was improper because S&S as the new was not served properly with a copy of the Order to Show Cause as the court prescribed.

29. As per the court and the case file maintained by the court, the counsel in the civil action has always been Forster & Garbus, LLP. There is no indication or evidence of Selip & Stylianou, LLP being the new counsel.

30. Selip & Stylianou, LLP, even though it may have purchased the account, has never filed a consent to change attorney or notice of appearance with the court or Mr. Lewis.

31. Court records have maintained that the attorney for the Plaintiff in the civil action is Forster & Garbus, LLP, thus Mr. Lewis did noticed his motion correctly and served his motion properly.

32. S&S knows that the matter was properly disposed of based on improper service, as Mr. Lewis has supplied numerous documental evidence to prove that he had resided in the State of Georgia since 2005. S&S has, without regard to this fact, proceeded to engage in motion practice to reargue the civil action. Based on the irrefutable evidence provided, S&S had enough information to make a decision to withdraw its motion but instead had kept up with its collection efforts.

33. As per the facts stated above, it is clear that the civil action was commenced in a jurisdiction where the Plaintiff did not reside.

34. As per the facts stated above, it is clear that the summons and complaint filed with the court in the civil action was improperly served, which was the basis for an improperly obtained default judgment.

35. The Plaintiff was served with the civil action improperly, then a false affidavit of service was filed with the court. The affidavit of service consisted of numerous materially false statements, including but not limited to serving Plaintiff with the summons and complaint at an address the Plaintiff did not reside.

36. Defendant is well aware that the judgment it possesses against the Plaintiff cannot be enforced because it was obtained via improper service and in a jurisdiction the Plaintiff did not reside. Defendant is well aware of this because it was provided with irrefutable proof of Plaintiff's correct residence.

37. Defendant's failure to halt its continued litigation of the civil action, despite the fact that it was successfully disposed of based on improper service and that sufficient and indisputable evidence of said improper service was supplied, provides the structure for an FDCPA violation.

38. Defendant's representations to the court in its attempt to collect a debt that is not owed, is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

39. Consequently, Defendant has maliciously sought to collect the debt from the Plaintiff.

40. Defendant's actions were to coerce the Plaintiff into paying a debt that is not owed by the Plaintiff.

41. At no time has Plaintiff had any account open with Defendant.

42. At no time has Plaintiff had any personal business relationship with Defendant.

43. Given the facts delineated above, at no time has Defendant had any information in its possession to suggest that Plaintiff owed a debt to Defendant.

44. Given the facts delineated above, at no time has Defendant had any information in its possession to suggest that Plaintiff was responsible to pay a debt to Defendant.

45. In light of the facts articulated herein, Defendant engaged in conduct, the natural consequence of which is to harass and oppress the Plaintiff into paying a debt.

46. In light of the facts articulated herein, Defendant utilized false and deceptive means to coerce Plaintiff into the paying debt.

47. In light of the facts articulated herein, Defendant attempted to collect a debt by utilizing false and misleading representations as to the character and legal status of the alleged debt.

48. In light of the facts articulated herein, Defendant attempted to collect a debt and obtain information about the Plaintiff by communicating false representations or utilizing deceptive means.

49. In light of the facts articulated herein, Defendants engaged in collection activity, by employing unfair and unconscionable means to collect a debt.

50. In light of the facts articulated herein, Defendants attempted to collect a debt not authorized or permitted by law.

51. Defendant's activity on these occasions were a communication in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692d, 1692e, 1692e(2), 1692e(10), 1692f and 1692f(1), amongst others.

52. Plaintiff commenced this action within one year of the unlawful actions and/or within one year of reasonably knowing of the unlawful actions of Defendants.

53. That as per 15 U.S.C. § 1692 et seq. and as a result of the above violations, Defendant is liable to the Plaintiff for actual damages pursuant to 15 U.S.C. § 1692k(a)(1); and statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each and every Defendant herein.

## **PRACTICES OF THE DEFENDANT**

54. It is or was the policy and practice of Defendant to collect or attempt to collect debts by utilizing various deceptive means, i.e, civil litigation.

55. It is or was the policy and practice of Defendant to collect or attempt to collect debts not authorized by any agreements.

56. Said practices and policies of Defendant are deceptive representations, which contradicts consumers' rights.

57. That the Defendant intentionally and knowingly and/or carelessly and recklessly commence legal actions against consumers it has no intention of following through with, for the sole purpose of harassing consumers and coercing payment and collecting debts which they know or should know that the consumers do not owe.

58. Defendant's conduct violates 15 U.S.C. § 1692 et seq., including but not limited to subsections (d), (e) and (f) in the representations made by the Defendant are abusive, false, confusing, misleading, deceptive, unfair and fail to advise the consumer of his/her legal rights as required by law.

59. That as per 15 U.S.C. § 1692 et seq. and as a result of the above violations, Defendant is liable to the Plaintiff for actual damages pursuant to 15 U.S.C. § 1692k(a)(1); and statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each and every Defendant herein.

60. Defendant's conduct violates GBL § 349(a) in the representations made by the Defendant are abusive, false, confusing, misleading, deceptive, unfair and fail to advise the consumer of his/her legal rights as required by law.

61. As per NY GBL § 349(a) and as a result of the above violations, Defendant is liable to the Plaintiff for actual damages, costs, and reasonable attorneys' fees pursuant to NY GBL 349(h) from each and every Defendant herein.

62. Plaintiff was damaged by the Defendant's conduct insomuch as experiencing worries and concerns and significant emotional harm as a result of Defendant's conduct in willfully violating the law. The circumstances surrounding the violation make it obvious that a reasonable person would suffer significant emotional harm.

## ALLEGATIONS OF LAW

63. Defendant violated the FDCPA.  Defendant's violations include, but are not limited to the following:  d, e, and f.

    i. Defendant violated 15 U.S.C. § 1692d by harassing, oppressing and/or abusing the consumer by employing unfair tactics in attempt to collect a debt;

    ii. Defendant violated 15 U.S.C. § 1692e by utilizing false, deceptive and misleading representation to collect a debt;

  iii. Defendant violated 15 U.S.C. § 1692e(2) by making false and misleading representations in connection to the character, amount and legal status of an alleged debt;

  iv. Defendant violated 15 U.S.C. § 1692e(10) by utilizing false representations or deceptive means to collect an alleged debt;

  v. Defendant violated 15 U.S.C. § 1692f by utilizing unfair and unconscionable means to collect an alleged debt;

  vi. Defendant violated 15 U.S.C. § 1692f(1) by attempting to collect an amount not permitted by law;

64. To the extent that the Defendant attempted to collect a debt from Plaintiff even though Defendant knew or should have known that Plaintiff did not owe the underlying debt, Defendant's actions also violated New York State Statutes prohibiting Deceptive Acts and Practices.  *See* New York State Code Article 22-A. § 349.

## COUNT I

### Violation of § 1692d of the FDCPA – Any conduct the natural consequence of which is to harass, oppress, or abuse any person

65. Plaintiff adopts and realleges the foregoing as fully stated herein.

66. Section 1692d of the FDCPA prohibits a debt collector from using any conduct which the natural consequence of which is to harass, oppress or abuse any person. *See, 15 U.S.C. § 1692d.*

67. Defendants' violation of §1692d of the FDCPA, include, but are not limited to, intentionally engaging in collection activity to collect a debt that is not owed by failing to halt its continued litigation of the civil action, despite the fact that the civil action was

successfully disposed of based on improper service and despite the fact that sufficient and indisputable evidence of said improper service was supplied. The consequence of this conduct of the Defendant was the harassment and abuse of the Plaintiff.

68. Additionally, Defendant intentionally and negligently continued this legal action in order to coerce payment of a debt Defendant knew Plaintiff did not owe, despite having irrefutable proof that Plaintiff did not owe the debt.

69. Defendant's violation of §1692d of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. *See*, 15 U.S.C. §1692k.

70. By engaging in conduct with the sole purpose of harassing the Plaintiff into payment of a debt Plaintiff did not owe, Defendant caused Plaintiff to suffer actual injury in the form of emotional distress, humiliation, anxiety, out-of-pocket expenses.

71. As a direct and proximate result of Defendant's deceptive acts and practices committed in violation of §1692d of the FDCPA, Plaintiff was damaged in that he, among other things, suffered stress, anxiety and humiliation as a result of Defendant's abusive attempts to collect a debt.

72. Defendant's violation of § 1692d of the FDCPA render it liable for actual damages, costs, and reasonable attorneys' fees. *See*, 15 U.S.C. §1692k(a)(1).

73. Plaintiff requests that Defendant be enjoined from attempting to collect the debt alleged to be owed by him because Defendant engaged in behavior which was harassing or abusing to Plaintiff or otherwise engaged in acts or practices that were unfair or deceptive towards Plaintiff.

## COUNT II

### Violation of § 1692e Of the FDCPA – Any other false, deceptive, or misleading representation or means in connection with the debt collection

74. Plaintiff adopts and realleges the foregoing as fully stated herein.

75. Section 1692e of the FDCPA prohibits a debt collector from using any other false, deceptive, or misleading representation or means in connection with the debt collection. *See*, 15 U.S.C. § 1692e.

76. Defendants' violation of §1692e of the FDCPA, include, but are not limited to, intentionally engaging in collection activity to collect a debt that is not owed by failing to halt its continued litigation of the civil action, despite the fact that the civil action was successfully disposed of based on improper service and despite the fact that sufficient and indisputable evidence of said improper service was supplied. Defendant knew that Plaintiff did not owe the debt, but still engaged in activity that was tantamount to false and deceptive representations and false and deceptive means to collect the alleged debt.

77. A representation is "deceptive" under section 1692e if it is "open to more than one reasonable interpretation, at least one of which is inaccurate." *Easterling v. Collecto, Inc.*, 692 F.3d 229, 233 (2d Cir. 2012).

78. There are multiple judicious interpretations of Defendant's violation of §1692e in this case at bar. Defendant's communications can be construed as the debt being an authentic debt owed by the Plaintiff and Defendant having the legal right to collect it.

79. Defendant's violation of §1692e of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. *See*, 15 U.S.C. §1692k.

80. By engaging in false and deceptive means and utilizing false and deceptive representations in order to coerce payment of a debt Plaintiff did not owe, Defendant caused Plaintiff to suffer actual injury in the form of emotional distress, humiliation, anxiety, out-of-pocket expenses.

81. As a direct and proximate result of Defendant's deceptive acts and practices committed in violation of §1692e of the FDCPA, Plaintiff was damaged in that he, among other things, suffered stress, anxiety and humiliation as a result of Defendant's abusive attempts to collect a debt.

82. Defendant's violation of § 1692e of the FDCPA render it liable for actual damages, costs, and reasonable attorneys' fees. *See*, 15 U.S.C. *§1692k(a)(1).*

83. Plaintiff requests that Defendant be enjoined from attempting to collect the debt alleged to be owed by him because Defendant engaged in behavior which was harassing or abusing to Plaintiff or otherwise engaged in acts or practices that were unfair or deceptive towards Plaintiff.

## COUNT III

### Violation of § 1692e(2) Of the FDCPA – False or misleading representations in communications regarding character, amount or legal status of the alleged debt

84. Plaintiff adopts and realleges the foregoing as fully stated herein.

85. Section 1692e(2) of the FDCPA prohibits a debt collector from misrepresenting the character, amount or legal status of an alleged debt to attempt to collect any amount not authorized by the agreement creating the debt or permitted by law. *See*, *15 U.S.C. § 1692e(2).*

86. Defendant's violations of § 1692e(2) of the FDCPA, include, but are not limited to, seeking to collect a debt from the Plaintiff by using false representations regarding the legal status of the debt. Defendant purposefully misrepresented and mischaracterized the amount and legality of the alleged debt throughout its collection attempts. Despite the fact that the civil action was successfully disposed of based on improper service and despite the fact that sufficient and indisputable evidence of said improper service was supplied, Defendant intentionally and negligently represented the alleged debt was a viable account that was to be collected by Defendant and paid. Defendant knew or should have known that collecting this debt was not permitted by law. Defendant's actions were false representations of the character, amount and legal status of the alleged debt.

87. Collecting a debt which is not owing falls under misrepresenting the "character, amount, or legal status" of the debt. *See Finnegan v. University of Rochester Medical Center*, 21 F.Supp.2d 223 (W.D.N.Y. 1998).

88. Defendant's violations of § 1692e(2) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. *See, 15 U.S.C. § 1692k.*

89. By seeking to collect a debt from Plaintiff not authorized by law, thus representing to Plaintiff that the alleged debt was a viable account which could be paid and collected, Defendant caused Plaintiff to suffer actual injury in the form of emotional distress, humiliation, anxiety, out-of-pocket expenses.

90. As a direct and proximate result of Defendant's deceptive acts and practices committed in violation of § 1692e(2) of the FDCPA, Plaintiff was damaged in that he, among other things, suffered stress, anxiety and humiliation as a result of Defendant's abusive attempts to collect a debt.

91. Defendant's violations of § 1692e(2) of the FDCPA render it for actual damages, costs, and reasonable attorneys' fees. *See* 15 U.S.C. § 1692k(a)(1).

92. Plaintiff requests that Defendant be enjoined from attempting to collect the debt alleged to be owed by him because Defendant engaged in behavior which was harassing or abusing to Plaintiff or otherwise engaged in acts or practices that were unfair or deceptive towards Plaintiff.

## COUNT IV

### Violation of § 1692e(10) Of the FDCPA – Any false representation or deceptive means to collect a debt or obtain information about a consumer

93. Plaintiff adopts and realleges the foregoing as fully stated herein.

94. Section 1692e(10) of the FDCPA prohibits a debt collector from communicating any false representation or deceptive means to collect a debt. *See*, 15 U.S.C. § 1692e(10)

95. Defendant's violations of §1692e(10) of the FDCPA, include, intentionally engaging in collection activity to collect a debt that is not owed by failing to halt its continued litigation of the civil action, despite the fact that the civil action was successfully disposed of based on improper service and despite the fact that sufficient and indisputable evidence of said improper service was supplied. Defendant knew that Plaintiff did not owe the debt, but still engaged in activity that was tantamount to false and deceptive means to collect the alleged debt.

96. Defendant's violations of §1692e(10) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. *See*, 15 U.S.C. § 1692k.

97. By engaging in false and deceptive means in order to coerce payment of a debt Plaintiff did not owe, Defendant caused Plaintiff to suffer actual injury in the form of emotional distress, humiliation, anxiety, out-of-pocket expenses.

98. As a direct and proximate result of Defendant's deceptive acts and practices committed in violation of § 1692f of the FDCPA, Plaintiff was damaged in that he, among other things, suffered stress and anxiety as a result of Defendants' abusive attempts to collect a debt.

99. Plaintiff requests that Defendant be enjoined from attempting to collect the debt alleged to be owed by him, by engaging in behavior which is harassing or abusing Plaintiff or otherwise engaging in acts or practices that are unfair or deceptive towards Plaintiff.

## COUNT V

### Violation of § 1692f Of the FDCPA – any unfair or unconscionable means to collector attempt to collect the alleged debt

100. Plaintiff adopts and realleges the foregoing as fully stated herein.

101. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect the alleged debt. *See*, 15 U.S.C. § 1692f.

102. Defendant's violations of §1692f of the FDCPA, include, but are not limited to, intentionally engaging in collection activity to collect a debt that is not owed by failing to halt its continued litigation of the civil action, despite the fact that the civil action was successfully disposed of based on improper service and despite the fact that sufficient and indisputable evidence of said improper service was supplied. Defendant knew that Plaintiff did not owe the debt, but still engaged in their collection activity. Defendant's actions were unfair and unconscionable means to collect the alleged debt.

103. The least sophisticated consumer standard is used to determine whether a practice is unfair or unconscionable. *See LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1200–01 (11th Cir. 2010); cf. *Schweizer v. Trans Union Corp.,* 136 F.3d 233, 237 (2d Cir. 1998).

104. Defendant's violations of §1692f of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. *See*, 15 U.S.C. *§1692k*.

105. By engaging in conduct with that were unfair and unconscionable in order to coerce the Plaintiff to pay a debt she did not owe, Defendant caused Plaintiff to suffer actual injury in the form of emotional distress, humiliation, anxiety, out-of-pocket expenses.

106. As a direct and proximate result of Defendant's deceptive acts and practices committed in violation of § 1692f of the FDCPA, Plaintiff was damaged in that he, among other things, suffered stress, anxiety and humiliation as a result of Defendant's abusive attempts to collect a debt.

107. Plaintiff requests that Defendant be enjoined from attempting to collect the debt alleged to be owed by him because Defendant engaged in behavior which was harassing or abusing to Plaintiff or otherwise engaged in acts or practices that were unfair or deceptive towards Plaintiff.

## COUNT VI

### Violation of § 1692f(1) Of the FDCPA – Any collection or attempt to collect any amount not authorized by the agreement creating the debt or permitted by law

108. Plaintiff adopts and realleges the foregoing as fully stated herein.

109. Section 1692f(1) of the FDCPA prohibits a debt collector from using any unfair means to attempt to collect any amount not authorized by the agreement creating the debt or permitted by law. *See*, 15 U.S.C. § 1692f(1).

110. Defendant's violations of § 1692f(1) of the FDCPA, include, but are not limited seeking to collect a debt from the Plaintiff not permitted by law. Defendant purposefully misrepresented and mischaracterized the amount and legality of the alleged debt

throughout its collection attempts. Despite the fact that the civil action was successfully disposed of based on improper service and despite the fact that sufficient and indisputable evidence of said improper service was supplied, Defendant intentionally and negligently represented the alleged debt was a viable account that was to be collected by Defendant and paid. Defendant knew or should have known that collecting this debt was not permitted by law.

111. Defendant's violations of § 1692f(1) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. *See, 15 U.S.C. § 1692k.*

112. By seeking to collect a debt from Plaintiff not authorized by a contract or law, thus representing to Plaintiff that the alleged debt was a viable account which could be paid and collected, Defendant caused Plaintiff to suffer actual injury in the form of emotional distress, humiliation, anxiety, out-of-pocket expenses.

113. As a direct and proximate result of Defendant's deceptive acts and practices committed in violation of § 1692f(1) of the FDCPA, Plaintiff was damaged in that he, among other things, suffered stress, anxiety and humiliation as a result of Defendant's abusive attempts to collect a debt.

114. Defendant's violations of § 1692f(1) of the FDCPA render it liable for actual damages, costs, and reasonable attorneys' fees. *See15 U.S.C. § 1692k(a)(1).*

115. Plaintiff requests that Defendant be enjoined from attempting to collect the debt alleged to be owed by him because Defendants engaged in behavior which was harassing or abusing to Plaintiff or otherwise engaged in acts or practices that were unfair or deceptive towards Plaintiff.

## COUNT VII
## Violations of the New York General Business Law § 349

116.      Plaintiff adopts and realleges the foregoing as fully stated herein.

117.      Under New York General Business Law §349(a), deceptive acts or practices in the conduct of any business conducted in the State of New York are unlawful.

118.      Defendant's violations of § 349(a) of the NY GBL, include, but are not limited to, intentionally engaging in collection activity to collect a debt that is not owed by failing to halt its continued litigation of the civil action, despite the fact that the civil action was successfully disposed of based on improper service and despite the fact that sufficient and indisputable evidence of said improper service was supplied. Defendant knew that Plaintiff did not owe the debt, but still engaged in their collection activity that was tantamount to false and deceptive representations and false and deceptive means to collect the alleged debt. Defendant's actions were deceptive acts and practices in its course of business.

119.      Defendant's violations of § 349(a) of the NY GBL, include, but are not limited to, seeking to collect a debt from the Plaintiff not permitted by law. Defendant purposefully misrepresented and mischaracterized the amount and legality of the alleged debt throughout its collection attempts. Despite the fact that the civil action was successfully disposed of based on improper service and despite the fact that sufficient and indisputable evidence of said improper service was supplied, Defendant intentionally and negligently represented the alleged debt was a viable account that was to be collected by Defendant and paid. Defendant knew or should have known that collecting this debt was not permitted by law. However, Defendant still continued its collection activity, knowing it had no legal right to do so. Defendant's actions are clearly not permitted by law and were false

representations of the amount of the character, amount and legal status of the alleged debt. Defendant's actions were deceptive acts and practices in its course of business.

120. Defendant's violations of § 349(a) of the NY GBL render it liable for statutory damages, costs, and reasonable attorneys' fees pursuant to NY GBL 349(h).

121. Defendant's violations of § 349(a) of the NY GBL has caused Plaintiff to suffer actual injury in the form of emotional distress, humiliation, anxiety, out-of-pocket expenses.

122. As a direct and proximate result of Defendant's conduct committed in violations of § 349(a) of the NY GBL, Plaintiff was damaged in that he, among other things, suffered emotional distress, anxiety and humiliation as a result of Defendant's abusive attempts to collect a debt.

123. Defendant's violations of § 349(a) of the NY GBL render it liable for actual damages, costs, and reasonable attorneys' fees pursuant to NY GBL 349(h).

124. Plaintiff requests that Defendant be enjoined from attempting to collect the debt alleged to be owed by him because Defendant engaged in behavior which was harassing or abusing to Plaintiff or otherwise engaged in acts or practices that were unfair or deceptive towards Plaintiff.

## PRAYER FOR RELIEF

Plaintiff, Bernard Lewis prays that this Court:

a. Declare that Defendants violated the FDCPA;

b. For an award of actual and treble damages pursuant to 15 U.S.C. § 1692k against Defendant and for Plaintiff;

c. Enter judgment in favor of Plaintiff and against Defendant, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA;

d. Declare that the Defendant violated the NY GBL;

e. Enter judgment in favor of Plaintiff and against Defendant, for statutory damages, costs, and reasonable attorneys' fees as provided by § 349(h) of the NY GBL.

f. Enter judgment enjoining the Defendant from collecting or attempting to collect any debt alleged to be owed by Plaintiff,

g. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Bernard Lewis demands trial by jury.

Dated: September 4, 2020

Respectfully submitted,

*[signature]*

**LAW OFFICE OF ABEL L. PIERRE, ATTORNEY-AT-LAW, P.C.**

Attorney I.D.#AP-5508
140 Broadway, 46th Floor
New York, New York 10005
Telephone:  (212) 766-3323
Facsimile:  (212) 766-3322
abel@apierrelaw.com

**Attorney for Plaintiff**